IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Adam Blain Waddell, | ) | No. CV 05-3259-PHX-EHC (BPV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph Arpaio, | ) | |
| Defendant. | ) | |

Adam Blain Waddell (Plaintiff), presently in the custody of the Arizona Department of Corrections, filed with the Clerk of the Court on October 17, 2005, a *pro se* "Civil Rights Complaint By A Prisoner" (Dkt. 1) (Complaint) pursuant to 42 U.S.C. § 1983.[1]  Plaintiff has not paid the two hundred and fifty dollar ($250.00) filing fee, but he has been authorized to proceed *In Forma Pauperis*.

On November 15, 2005, the Court entered an order directing the Clerk of the Court to mail a service packet to the Plaintiff, due for return to the Court on December 8, 2005. (Dkt. 3).  The order and service packet were mailed by the Clerk of Court to Plaintiff at his last known address at the Estrella Jail on November 18, 2005. On December 5, 2005,

---

[1] When Plaintiff filed the Complaint, he was confined in the Estrella Jail in Phoenix, Arizona.

1  the mail was returned to the Clerk of the Court with notations indicating "Return to
2  Sender," "Unable to Forward," and that Plaintiff was "No Longer In Custody." (Dkt. 6)
3  Since then, Plaintiff has failed to file a Notice of Change of Address, or in any way to
4  notify the Court of his whereabouts. The docket indicates that the Clerk of the Court
5  researched Plaintiff's address to no avail.

<u>Report & Recommendation</u>

7  On January 27, 2006, Magistrate Judge Bernardo Velasco recommended that the
8  case be dismissed without prejudice for failure to prosecute. The Court cited <u>Link v.</u>
9  <u>Wabash Railroad Co.</u>, 370 U.S. 626 (1962) for the proposition that a federal district court
10 has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though
11 the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a
12 motion from a party. Recommendation, p. 3 (Dkt. 7) (citing <u>Link</u>, 370 U.S. at 633). The
13 Magistrate Judge applied the five factors articulated in <u>Carey v. King</u>, 856 F.2d 1439,
14 1441 (9th Cir. 1988) and recommended that the present circumstances warranted
15 dismissal. The Judge specifically noted that "[h]ere, as in Carey, '[a]n order to show cause
16 why dismissal is not warranted or an order imposing sanction would only find itself
17 taking a round trip tour through the United States mail.'" Recommendation, p. 3 (Dkt. 7)
18 (citing Carey, 856 F.2d at 1441). A copy of the Magistrate Judge's Report and
19 Recommendation was mailed to the Plaintiff. It, too, was returned as undeliverable.
20 (Dkt. 8).

21 Accordingly,

22 **IT IS ORDERED** adopting the Magistrate Judge's Report and Recommendation
23 (Dkt. 7) and **dismissing** Plaintiff's Complaint **without prejudice** for failure to comply
24 with Rule 3.4, Local Rules of Civil Procedure for the United States District Court for the
25 District of Arizona, and Rule 41(b), Federal Rules of Civil Procedure.

26 DATED this 22nd day of February, 2006.

_____
Earl H. Carroll
United States District Judge